IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBBY LYNN MASON | No: 2:25-CR-105-Z |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
<u>MOTION TO REOPEN DETENTION HEARING</u>**

This Court should deny Robby Lynn Mason's motion to reopen his detention hearing for the reasons stated in this response.

**I.      Relevant Factual and Procedural Background**

A federal grand jury in the Amarillo Division of the Northern District of Texas indicted Mason for two counts related to trafficking in child pornography on September 25, 2025. (Dkt. 3.) Mason was subsequently arrested and had his initial appearance on September 26, 2025. (Dkt. 10.) The United States of America ("government") filed a motion to detain Mason, alleging that there was no condition or combination of conditions that would reasonably assure Mason's appearance or the safety of any other person or the community. (Dkt. 5.) The government invoked the rebuttable presumption because the defendant was charged with a qualifying offense involving a minor victim. *Id.* The government requested a continuance of three days for that hearing. *Id.* Mason's detention hearing was set for October 1, 2025. (Dkt. 11.)

On October 1, 2025, Mason filed a waiver of his detention hearing, acknowledging that he would have to meet the requirements of 18 U.S.C. § 3142(f) in

order to seek release at a later date. (Dkt. 16.) On November 7, 2025, Mason filed a motion to reopen his detention hearing, alleging that his medication is now stable and he is "thinking clearly." Therefore, Mason argues, the Court can impose conditions of release that will reasonably assure his appearance and ensure the safety of any person and the community. (Dkt. 23.)

## II.   Arguments and Authorities

Title 18, United States Code, Section 3142(f) governs detention hearings in federal criminal cases. In part, that section states: "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

Mason's motion alleges that there has been a material change in circumstances, which warrants reopening his detention hearing. (Dkt. 23.) Specifically, Mason states that he waived his detention hearing because "he had been incarcerated for a period of time, and unmedicated and not thinking clearly." *Id.* And now, Mason's "medications have been stabilized," and his "thinking is clearer." *Id.* Mason did not provide any evidence to support his motion.

This Court should deny the defendant's motion to reopen his detention hearing because this is not new information. And, even so, this information does not establish

that the defendant will appear for hearings or ensure the safety of any other person or the community if released.

The Fifth Circuit addressed "new" information in the context of Section 3142(f)(2)(B) in *United States v. Stanford*, 367 F. App'x. 507, 510 (5th Cir. 2010).[1] After being unsuccessful on a prior appeal of his detention order, Stanford filed a motion to reconsider or reopen the detention hearing claiming changed circumstances. *Id*. at 509. Stanford argued that the new information was "the feasibility and effectiveness of armed, home detention" and the fact that his friends and family were willing to pay for the service due to difficulties he faced while in custody. *Id.* at 510. In response, the government argued that the feasibility and effectiveness of armed, home detention was not new information and was previously known by Stanford at his prior detention hearing. *Id.* The Fifth Circuit agreed with the district court that while the specific armed, home detention plan was not presented at the detention hearing, much of the underlying information was known to Stanford and presented. *Id.* Therefore, the Fifth Circuit affirmed the district court's ruling that Stanford presented no new circumstances in his motion to reconsider and the denial of the motion to reconsider. *Id.* at 510-11.

Here, Mason argues the changed, or new, circumstances are that he is being properly medicated and "thinking clearly." (Dkt. 23.) These are not new circumstances warranting the reopening of his detention hearing. Any mental health issues or the need

---

[1] Citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) ("We agree with the district court that the testimony of Hare's family and friends is not new evidence.") and *United States v. Stanford*, 341 Fed.Appx. 979, 984 (5th Cir. 2009) ("It cannot therefore be said that [the witnesses'] testimony was newly discovered or previously unavailable.")

for medication existed at the time of Mason's original detention hearing, which he knowingly waived. Moreover, Mason does not explain how his "thinking clearly" is material to determining that he is not a flight risk or a danger to the community.

The Sixth Circuit upheld one district court's denial of a defendant's motion to reopen his detention hearing when a defendant could not show that his improved mental state was sufficiently material to the issue of dangerousness. *United States v. Sandals*, 9 F. App'x. 377, 379 (6th Cir. 2001). There, the defendant benefited from treatment he received while in jail pending a court ordered psych exam, but he did not address what effect his release would have on his mental condition and whether he would continue treatment upon release. *Id.* The court in *Sandals* found that the information presented in the psychiatric report attached to the defendant's motion contained new information that did not exist at the time of the initial detention hearing, but the defendant failed to justify reopening the detention hearing because the information had to be sufficiently material to the issue of dangerousness. *Id.* Here, Mason did not provide any report or evidence to support or explain his mental condition or the medications, so, as stated above, this is not new information. Furthermore, he did not provide any argument as to how the change in medication and mental state is material to either his risk of nonappearance or dangerousness.

### III. Conclusion

For all the reasons set forth in this response, the Court should deny the defendant's motion to reopen his detention hearing.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

s/ Callie Woolam
CALLIE WOOLAM
Assistant United States Attorney
Texas Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel: 806-472-7564
Fax: 806-472-7394
Email: callie.woolam@usdoj.gov