IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:25-CR-105-Z-BR-(1) |
| | § | |
| ROBBY LYNN MASON., | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO REOPEN DETENTION HEARING

Before the Court is Defendant's Motion to Reopen Detention Hearing. (ECF 23). Having reviewed the arguments presented by Defendant (*Id.*) and the Government (ECF 24), the Court finds that the Motion should be DENIED.

Defendant waived his right to a detention hearing on October 1, 2025, but reserved the right to file a motion seeking release on conditions and a bond at a later date. (ECF 16). Defendant filed such a Motion on November 11, 2025. (ECF 23). In his Motion, Defendant urges the Court to reopen his detention hearing because when he originally waived the hearing "he had been incarcerated for a period, unmedicated and not thinking clearly." (*Id.*). Now, "his medications have been stabilized" and his "thinking is clearer." (*Id.*). Because of this, "[t]here are conditions of release that will reasonably assure the appearance of the defendant as required and ensure the safety of any other person in the community." (*Id.*). The Government's Response argues that Defendant's mental state is not new or material information. (ECF 24).

A court is empowered to reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on whether the movant may be released during the pendency of their case. 18

U.S.C. § 3142(f)(2)(B). The Fifth Circuit, like other jurisdictions, has interpreted this standard as requiring "new" information. *United States v. Stanford*, 367 F. App'x 507, 509-10 (5th Cir. 2010) (per curiam) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989)). New and material information for purposes of section 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event, and courts have interpreted the requirements of this provision strictly." *United States v. Morris*, 452 F.Supp.3d 484, 487 (5th Cir. 2020). "[C]onclusory allegations that information is newly discovered do not suffice; a party seeking to reopen a detention hearing must show how the evidence was discovered and why it was previously unavailable." *Id*.

The new information must be material to the specific issues of flight risk or dangerousness. *Hare*, 873 F.2d 796, 799; *see also U.S. v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362 (N.D. Cal. Apr. 13, 2015) ("[T]he unknown information is material if it increases the chances the defendant appears for their criminal hearing or decreases the danger the defendant poses to an individual or the community as a whole.").

Here, Defendant asserts that he is now properly medicated and is "thinking clearer." (ECF 23 at 1). The Government argues that this is not "new" information because "[a]ny mental health issues or the need for medication existed at the time of Mason's original detention hearing." (ECF 24 at 3-4). The Court agrees. The Motion failed to articulate how defendant's mental state qualifies as "truly changed circumstances," and does not "show how the evidence was discovered and why it was previously unavailable." *Morris*, 452 F.Supp.3d at 487; *see also U.S. v. Krol*, 642 F. Supp. 3d 28 (D.D.C. 2022) (finding that defendant's health concerns were not new information where he did not provide medical records or other concrete evidence to the court). Therefore, Defendant's Motion does not allege the existence of new information that warrants the reopening of his

detention hearing.

Further, Defendant's Motion does not articulate how the fact that he is now "thinking clearer" is material to the issue of flight risk or dangerousness. In *United States v. Sandles*, the Sixth Circuit affirmed the district court's decision not to reopen a detention hearing where the defendant attached a psychiatric report in support of his motion. *U.S. v. Sandles,* 9 Fed. Appx. 377, 379 (6th Cir. 2001) (unpublished). Although that court found the report presented new information, it also found that the information was not material to the issue of flight risk or dangerousness because it "did not address what effect his release would have on his mental condition and whether he was likely to continue with treatment if released." *Id.* Similarly here, the Motion does not address how Defendant's change in mental state is material to the issue of flight risk or dangerousness beyond bare assertions.

Therefore, having failed to properly address the applicable standard to reopen a detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(B), Defendant's Motion is DENIED.

IT IS SO ORDERED.

ENTERED December 2, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE