IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                    No. 2:25-CR-105-Z

ROBBY LYNN MASON

**GOVERNMENT'S BRIEF REGARDING APPLICABILITY OF JUSTICE FOR VICTIMS OF TRAFFICKING ACT ASSESSMENT**

The United States files this brief regarding the applicability of the Justice for Victims of Trafficking Act (JVTA) special assessment in this case.

The Justice for Victims of Trafficking Act of 2015 requires an additional special assessment of $5,000 be imposed on any non-indigent person convicted of qualifying offenses, including receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). *See* 18 U.S.C. § 3014. Since its' inception, the JVTA has had a sunset provision and has required regular reenactment prior to its' expiration to avoid its' complete lapse. *Id.* In 2025, the JVTA lapsed for a period prior to Congress reenacting it, thus causing a break in its' applicability.

On February 3, 2026, the President signed the "Consolidated Appropriations Act, 2026." Consolidated Appropriations Act, H.R. 7148 (Jan. 3, 2026). As most relevant here, Section 5012 of the Act states: "Section 3014(a) of title 18, United States Code, is amended by striking 'and ending on September 30, 2025.'" *Id.* In other words, and at long last, the special assessment in Section 3014(a) has no sunset date.

**Government's Brief Regarding Applicability of Justice for Victims of Trafficking Act – Page 1**

Here, the defendant was convicted of a qualifying offense, which would trigger applicability of the JVTA.  Given the lapse in the statute, the question is whether the defendant is subject to the JVTA for his offense, which occurred on or about a date unknown until on or about April 23, 2025.  The JVTA applies in the defendant's case.  However, since the defendant was not on notice of the JVTA's applicability at the time he entered his plea of guilty, the JVTA should not be imposed over the defendant's objection.  *See Plea Agreement,* Dkt. No. 32.

The Department of Justice's Criminal Appellate Division and the Criminal Division's Office of Policy & Legislation (DOJ) provided guidance for prosecutors handling these matters.   Based on the statutes' history of expiration and reinstitution, and the recent change to the JVTA removing the sunset provision, the following applies.  If the defendant committed the criminal conduct on or after February 4, 2026, the assessment applies.  If the defendant committed the criminal conduct on a date when the assessment had lapsed – *e.g.*, between October 1 and November 11, 2025; or between January 31 and February 3, 2026 – the assessment does <u>not</u> apply due to the Ex Post Facto Clause.  If the defendant committed the criminal conduct on a date when the assessment was in effect, the assessment applies regardless of the fact that the provision had sometime later sunset.

There is not a statutory retroactivity problem. 1 U.S.C. § 109 provides that "[t]he expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for

**Government's Brief Regarding Applicability of Justice for Victims of Trafficking Act – Page 2**

the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." *See generally, e.g.*, *Allen v. Grand Cent. Aircraft Co.*, 347 U.S. 535, 554-555 (1954).

Despite its' applicability, if a defendant pleaded guilty but was not told by the Court that part of his punishment would include paying the JVTA assessment, it would violate Federal Rule of Criminal Procedure 11(b)(1)(L) for the court to impose the assessment. In such situations, DOJ's guidance on the path of least-litigation in response to an objection to the assessment is to ask the Court not to impose the assessment. DOJ further advises that if prosecutors facing such situations nevertheless *do* want to seek imposition of the assessment, or if the court indicates its view that it must impose the assessment, it may be possible for the court to do a sort of new or updated Rule 11 colloquy, advise on the JVTA obligation, and ensure that the defendant still wants to plead guilty. (If a defendant so advised decides that he wants to withdraw his guilty plea on this basis, a court may well allow him to do so.)

The defendant has not raised an objection to the JVTA assessment as of the date of filing. Nonetheless, for the reasons discussed herein, the JVTA assessment should not be applied to this defendant given that he was not notified of its' applicability as part of his plea of guilty.

**Government's Brief Regarding Applicability of Justice for Victims of Trafficking Act – Page 3**

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY


*s/ Callie Woolam*
CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:    806-472-7564
Facsimile:    806-472-7394
Email: Callie.Woolam@usdoj.gov